NO. 07-02-0404-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 29, 2003

_____


MARY ELIZABETH ALLEN WILSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 64TH DISTRICT COURT OF HALE COUNTY;

NO. A13156-9808; HONORABLE JACK R. MILLER, JUDGE

_____

Before QUINN and REAVIS, JJ., and BOYD, S.J.[1]


**Memorandum Opinion**


On August 21, 1998, upon her guilty plea and pursuant to a plea agreement, appellant Mary Elizabeth Allen Wilson was convicted of the offense of driving while intoxicated 3rd offense or more.  In accordance with the plea bargain, her sentence was

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon Supp. 2003).

assessed at five years confinement in the Institutional Division of the Department of Criminal Justice and a fine of $1,000, probated under community supervision for a period of five years. On October 3, 2002, after hearing, and upon appellant's plea of true to the allegations contained in a second motion to revoke, appellant's probation was revoked and her sentence assessed at five years confinement in the Institutional Division of the Department of Criminal Justice and a $1,000 fine.

Appellant's appointed appellate attorney has filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In his brief, he certifies that after careful examination of the record, he has concluded that appellant's appeal is without merit. In that brief, he certifies that he has sent a copy of the brief to appellant and has explained her right to file a pro se brief if she so desires. He has also filed a motion to withdraw as appellate counsel and certifies that he has sent a copy of this motion to appellant. The clerk of this court has also notified appellant of her right to file a brief and that she had until June 27, 2003, within which to file such a brief. Appellant has not exercised her right to file a pro se brief, nor has she requested any extension of time within which to do so.

In considering briefs and requests of this type, we must first satisfy ourselves that the appellate attorney has provided the client with a diligent and thorough search of the record for any arguable claim that might support his client's appeal. Then, after determining those matters, we must consider counsel's brief and decide if he has correctly concluded the appeal is frivolous. *McCoy v. Court of Appeals of Wisconsin*, 486 U.S. 429,

108 S.Ct. 1895, 100 L.Ed.2d 440 (1988); *High v. State,* 573 S.W.2d 807, 813 (Tex. Crim. App. 1978).

When we review an order revoking probation, the only question before us is whether the trial court abused its discretion in doing so. *Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of the probation. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). Although one sufficient ground for revocation supports a revocation order, *Moore v. State*, 605 S.W.2d 924, 926 (Tex. Crim. App. 1979), a plea of true standing alone is sufficient to support the trial court's revocation order. *Moore v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979).

At the hearing on the motion to revoke, appellant entered a plea of true to the allegations in the motion to revoke. This in itself is sufficient to support the revocation order. Appellant was also sworn and testified. We have carefully examined the record of the revocation hearing. We can only conclude that appellate counsel is correct in his brief and that the trial court did not abuse its discretion in revoking appellant's probation.

Accordingly, the judgment of the trial court is affirmed and appellate counsel's motion to withdraw is granted.

John T. Boyd
Senior Justice

Do not publish.

3